UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MITCHEL LEVATTE and JONATHAN FLOYD,   :
                                  :

              Plaintiffs,   :           12CV8232(RA)
                                    :

      - against -               :      COMPLAINT AND
                                    :      DEMAND FOR JURY TRIAL

THE CITY OF NEW YORK, SCOTT LIENECK,   :
KELVIN GLOVER, "JOHN" RODRIGUEZ, the   :      ECF CASE
first name of the defendant being fictitious as being   :
unknown to the Plaintiffs, and "JANE DOE",   :
Individually and in Their Official Capacities,   :
                                    :

             Defendants   :
------------------------------------------------------------------x

       Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of

the defendants, allege:

## NATURE OF THE ACTION

       1.  This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiffs Mitchel Levatte and Jonathan Floyd by the Civil Rights Act of 1871, 42 U.S.C. §1983,

by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments,

and by the laws of the State of New York.

       2.  Plaintiffs Mitchel Levatte and Jonathan Floyd  are citizens of the Untied States who

were in a motor vehicle on 168th Street, near Webster Avenue, in the Bronx, New York, on February

11, 2012, when New York City police officers Scott Lieneck, Kelvin Glover, "John" Rodriguez and

"Jane Doe" stopped the vehicle, pulled the plaintiffs out of the vehicle at gunpoint, arrested plaintiff

Mitchel Levatte on false criminal charges of the sale and possession of marijuana and plaintiff

Jonathan Floyd on false criminal charges of possession of marijuana, handcuffed the plaintiffs,

searched the plaintiffs' pockets, placed the plaintiffs in a police van, searched the vehicle from which

they seized the plaintiffs, transported the plaintiffs to the 44th Precinct, subjected each plaintiff to a visual cavity search, and subsequently transported the plaintiffs to Bronx Central Booking, where the plaintiffs continued to be imprisoned until their arraignment on February 14, 2011, when they were released in their own recognizance, prosecuted plaintiff Mitchel Levatte on false criminal charges of Criminal Sale of Marijuana in the Fourth Degree, Criminal Sale of Marijuana in the Fifth Degree, Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana, and prosecuted plaintiff Jonathan Floyd on false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana. The arrests and prosecution of plaintiffs Mitchel Levatte and Jonathan Floyd were the result of a policy and practice adopted by defendant The City of New York to arrest individuals for possession of controlled substances without probable cause to support the arrests. The false charges against plaintiffs Mitchel Levatte and Jonathan Floyd were dismissed on May 11, 2012.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Scott Lieneck, Kelvin Glover and "John" Rodriguez can be found within the Southern District of New York, and defendant The City of New

York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.  Plaintiff Mitchel Levatte is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6.  Plaintiff Jonathan Floyd is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8.  At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant Scott Lieneck is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant Scott Lieneck was acting within the scope of his employment by defendant The City of New York.

11.  Defendant Kelvin Glover is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12.  At all times relevant herein, defendant Kelvin Glover was acting within the scope of his employment by defendant The City of New York.

13.  Defendant "John" Rodriguez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14.  At all times relevant herein, defendant "John" Rodriguez was acting within the scope of his employment by defendant The City of New York.

15. Defendant "Jane Doe" is natural persons who, at all times relevant to this action, were employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant "Jane Doe" was acting within the scope of her employment by defendant The City of New York.

## NOTICES OF CLAIM

17. On May 23, 2012, and within 90 days of the accrual of his causes of action herein, plaintiff Mitchel Levatte served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. On May 23, 2012, and within 90 days of the accrual of his causes of action herein, plaintiff Jonathan Floyd served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

19. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

20. Plaintiffs incorporate by reference paragraphs 1 through 19 of this complaint as though the same were set forth fully herein.

21. On February 11, 2011, plaintiff Mitchel Levatte was operating a motor vehicle on East 168th Street, in the Bronx, New York.

22. On February 11, 2012, plaintiff Jonathan Floyd was seated in the front passenger seat of the vehicle being operated by plaintiff Mitchel Levatte.

23. On February 11, 2012, on East 168th Street in the Bronx, New York, defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" stopped the motor vehicle which

plaintiff Mitchel Levatte was operating.

24. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" arrested plaintiff Mitchel Levatte on charges of Criminal Sale of Marijuana in the Fourth Degree, Criminal Sale of Marijuana in the Fifth Degree, Criminal Possession of Marijuana in the Fifth Degree, and Unlawful Possession of Marijuana.

25. Plaintiff Mitchel Levatte had not sold any marijuana.

26. Plaintiff Mitchel Levatte was not in possession of any marijuana.

27. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" did not have a warrant authorizing the arrest of plaintiff Mitchel Levatte.

28. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" arrested plaintiff Jonathan Floyd on charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

29. Plaintiff Jonathan Floyd was not in possession of any marijuana.

30. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" did not have a warrant authorizing the arrest of plaintiff Jonathan Floyd.

31. Defendant Kelvin Glover opened the driver's door of the vehicle, seized plaintiff Mitchel Levatte's arm and pulled him out of the vehicle at gunpoint.

32. Defendant Kelvin Glover handcuffed plaintiff Mitchel Levatte's wrists and searched through his pockets.

33. Defendant "Jane Doe" opened the front passenger door of the vehicle, seized plaintiff Jonathan Floyd's arm and pulled him out of the vehicle.

34. Defendant "John" Rodriguez then pushed plaintiff Jonathan Floyd against the vehicle, handcuffed his wrists and searched through his pockets.

35. The individual defendants then searched the vehicle in which the plaintiffs had been traveling.

36. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" did not have a warrant authorizing the search of plaintiff Mitchel Levatte's vehicle.

37. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" then transported plaintiffs Mitchel Levatte and Jonathan Floyd to the 44th Precinct.

38. At the 44th Precinct, defendants Kelvin Glover, "John" Rodriguez and a third police officer subjected plaintiff Mitchel Levatte to a visual cavity search.

39. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" did not have a warrant or other legal process authorizing a visual cavity search of plaintiff Mitchel Levatte.

40. At the 44th Precinct, plaintiff Jonathan Floyd was subjected to a visual cavity search.

41. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" did not have a warrant or other legal process authorizing a visual cavity search of plaintiff Jonathan Floyd.

42. Plaintiffs Mitchel Levatte and Jonathan Floyd were imprisoned in the 44th Precinct for a period of time.

43. Plaintiffs Mitchel Levatte and Jonathan Floyd subsequently were transported to Bronx Central Booking, where they were imprisoned until their arraignment after midnight on February 14, 2012.

44. On information and belief, on February 11, 2012, defendant Scott Lieneck falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Mitchel Levatte participated with another individual in a sale of marijuana to an undercover police officer by delivering to this other individual a black plastic bag from which that individual handed four small ziplock bags containing marijuana to the undercover police officer.

45.  On information and belief, on February 11, 2012, defendant Scott Lieneck falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that a quantity of marijuana had been found on the back seat of the vehicle in which plaintiffs Mitchel Levatte and Jonathan Floyd had been seated.

46.  On February 11, 2012, defendant Scott Lienbeck instituted a criminal proceeding against plaintiffs Mitchel Levatte and Jonathan Floyd in Bronx Supreme Court, Criminal Division, accusing the plaintiffs of the crime of Criminal Possession of Marijuana in the Fifth Degree and the violation of Unlawful Possession of Marijuana.

47.  On February 11, 2012, defendant Scott Lienbeck instituted a criminal proceeding against plaintiff Mitchel Levatte in Bronx Supreme Court, Criminal Division, accusing him of the crimes of Criminal Sale of Marijuana n the 4th Degree, Criminal Sale of Marijuana in the 5th Degree and Criminal Possession of Marijuana in the 5th Degree, and the violation of Unlawful Possession of Marijuana.

48.  On February 14, 2011, plaintiffs Mitchel Levatte and Jonathan Floyd were arraigned before a judge of Bronx Supreme Court, Criminal Division, and were released on their own recognizance.

49.  On May 11, 2012, the criminal charges brought by defendant Scott Lienbeck against plaintiffs Mitchel Levatte and Jonathan Floyd were dismissed.

## COUNT ONE ON BEHALF OF MITCHEL LEVATTE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

50.  Plaintiffs incorporate by reference paragraphs 1 through 49 of this complaint as though the same were set forth fully herein.

51. The seizure, detention, arrest, and imprisonment of plaintiff Mitchel Levatte by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

52. The seizure, detention, arrest, and imprisonment of plaintiff Mitchel Levatte were made without probable cause to believe that he had committed a crime or offense.

53. The charges upon which defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" arrested plaintiff Mitchel Levatte were false.

54. The charges were made by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" against plaintiff Mitchel Levatte with knowledge that they were false.

55. Plaintiff Mitchel Levatte was aware of his seizure, detention, arrest and imprisonment by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe".

56. Plaintiff Mitchel Levatte did not consent to his seizure, detention, arrest or imprisonment.

57. As a result of the foregoing, plaintiff Mitchel Levatte was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

58. The seizure, detention, arrest and imprisonment of plaintiff Mitchel Levatte deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

59. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Mitchel Levatte.

60.   Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" deprived plaintiff Mitchel Levatte of his rights to be free of unreasonable searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Mitchel Levatte on false criminal charges.

## COUNT TWO ON BEHALF OF MITCHEL LEVATTE
## SEARCH OF THE PLAINTIFF'S VEHICLE UNDER 42 U.S.C. §1983

61.   Plaintiffs incorporate by reference paragraphs 1 through 60 of this complaint as though the same were set forth fully herein.

62.   Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" conducted the search of plaintiff Mitchel Levatte's vehicle after both occupants of the vehicle had been removed from the vehicle and handcuffed.

63.   Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" did not have a warrant authorizing the search of plaintiff Mitchel Levatte's vehicle.

64.   There were no exigent circumstances justifying a search of the vehicle following the arrest and removal of both occupants of the vehicle.

65.   The warrantless search of plaintiff Mitchel Levatte's vehicle violated his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States.

66.   Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were acting under color of state law when they searched plaintiff Mitchel Levatte's vehicle.

67. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" deprived plaintiff Mitchel Levatte of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching the plaintiff's vehicle.

## COUNT THREE ON BEHALF OF MITCHEL LEVATTE
## BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

68. Plaintiffs incorporate by reference paragraphs 1 through 67 of this complaint as though the same were set forth fully herein.

69. Defendants Scott Lieneck, Kelvin Glover, and "John" Rodriguez lacked a factual basis to support a reasonable suspicion that plaintiff Mitchel Levatte had evidence concealed inside a body cavity.

70. The body cavity search of plaintiff Mitchel Levatte conducted at the 44th Precinct deprived plaintiff Mitchel Levatte of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

71. Plaintiff Mitchel Levatte suffered anxiety, embarrassment and humiliation as a result of the visual body cavity search conducted by defendants Scott Lieneck, Kelvin Glover, and "John" Rodriguez.

72. Defendants Scott Lieneck, Kelvin Glover and "John" Rodriguez were acting under color of state law when they conducted a visual cavity search of plaintiff Mitchel Levatte at the 44th Precinct.

73. Defendants Scott Lieneck, Kelvin Glover and "John" Rodriguez deprived plaintiff Mitchel Levatte of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law,

in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Mitchel Levatte at the 44th Precinct.

## COUNT FOUR ON BEHALF OF MITCHEL LEVATTE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983 - DELAY IN ARRAIGNMENT

74. Plaintiffs incorporate by reference paragraphs 1 through 73 of this complaint as though the same were set forth fully herein.

75. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" had a duty to bring plaintiff Mitchel Levatte before a neutral magistrate promptly for a judicial determination of probable cause.

76. The failure of defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" to bring plaintiff Mitchel Levatte before a neutral magistrate promptly for a judicial determination of probable cause following his warrantless arrest deprived plaintiff Mitchel Levatte of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

77. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were acting under color of state law when they failed to bring plaintiff Mitchel Levatte before a neutral magistrate promptly for a determination of probable cause following their warrantless arrest of the plaintiff.

78. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" deprived plaintiff Mitchel Levatte of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under

color of state law, in violation of 42 U.S.C. §1983, by imprisoning the plaintiff without promptly bringing him before a neutral magistrate for a determination of probable cause.

79. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" deprived plaintiff Mitchel Levatte of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by imprisoning the plaintiff for three days before bringing him before a neutral magistrate for a determination of probable cause.

## COUNT FIVE ON BEHALF OF MITCHEL LEVATTE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

80. Plaintiffs incorporate by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. The criminal charges brought by defendant Scott Lieneck against plaintiff Mitchel Levatte in Bronx Supreme Court, Criminal Division, were false.

82. Defendant Scott Lieneck instituted the criminal proceedings against plaintiff Mitchel Levatte without probable cause to believe that plaintiff Mitchel Levatte committed the crimes and offense charged.

83. Defendant Scott Lieneck instituted the criminal proceedings against plaintiff Mitchel Levatte with knowledge that the charges were false.

84. Defendant Scott Lieneck was acting with malice when he commenced the criminal proceedings against plaintiff Mitchel Levatte.

85. The criminal proceedings instituted by defendant Scott Lieneck against plaintiff Mitchel Levatte were terminated in plaintiff Mitchel Levatte's favor.

86. As a result of the criminal proceedings instituted by defendant Scott Lienbeck,

plaintiff Mitchel Levatte was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

87.    Defendant Scott Lieneck was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Mitchel Levatte had participated with another individual in a sale of marijuana to an undercover police officer by delivering to this other individual a black plastic bag from which that individual handed four small ziplock bags containing marijuana to the undercover police officer.

88.    Defendant Scott Lieneck was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that a quantity of marijuana had been found on the back seat of the vehicle in which plaintiff Mitchel Levatte had been seated.

89.    Defendant Scott Lienbeck was acting under color of state law when he commenced criminal proceedings against plaintiff Mitchel Levatte in Bronx Supreme Court, Criminal Division.

90.    Defendant Scott Lienbeck deprived plaintiff Mitchel Levatte of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing criminal proceedings against plaintiff Mitchel Levatte on false criminal charges.

## COUNT SIX ON BEHALF OF MITCHEL LEVATTE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

91.    Plaintiffs incorporate by reference paragraphs 1 through 90 of this Complaint as though the same were set forth fully herein.

92.   The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

93.   The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

94. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

95.   The aforesaid customs, policies, usages, practices, procedures, and rules of defendant  The City of New York include, but are not limited to, the following:

(a)   Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b)   Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c)   Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d)   Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e)   Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of

individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

96.   The arrest, imprisonment, and prosecution of plaintiff Mitchel Levatte on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

97.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

98.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

99.   Defendant The City of New York deprived plaintiff Mitchel Levatte of his rights to be free of unreasonable searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT SEVEN ON BEHALF OF MITCHEL LEVATTE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

100.   Plaintiffs incorporate by reference paragraphs 1 through 99 of this Complaint as though the same were set forth fully herein.

101.   Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police

Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

102. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

103. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

104. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

105. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Mitchel Levatte would be violated.

106. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Mitchel Levatte.

107. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

108. Defendant The City of New York deprived plaintiff Mitchel Levatte of his rights to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT EIGHT ON BEHALF OF MITCHEL LEVATTE
## COMMON LAW FALSE IMPRISONMENT

109. Plaintiffs incorporate by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York falsely imprisoned plaintiff Mitchel Levatte by seizing, detaining, arresting and imprisoning him on false criminal charges.

111. As a result of the foregoing, plaintiff Mitchel Levatte was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT NINE ON BEHALF OF MITCHEL LEVATTE
## COMMON LAW ASSAULT AND BATTERY

112. Plaintiffs incorporate by reference paragraphs 1 through 111 of this Complaint as though the same were set forth fully herein.

113. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and the City of New York committed an assault and battery on the person of plaintiff Mitchel Levatte by seizing plaintiff Mitchel Levatte's arm and pulling him out of the vehicle at gunpoint.

114. As a result of the foregoing, plaintiff Mitchel Levatte experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT TEN ON BEHALF OF MITCHEL LEVATTE
### COMMON LAW ASSAULT AND BATTERY

115. Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116. Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and the City of New York committed an assault and battery on the person of plaintiff Mitchel Levatte by handcuffing his wrists and searching through his pockets.

117. As a result of the foregoing, plaintiff Mitchel Levatte experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT ELEVEN ON BEHALF OF MITCHEL LEVATTE
### COMMON LAW FALSE IMPRISONMENT - DELAY IN ARRAIGNMENT

118. Plaintiffs incorporate by reference paragraphs 1 through 117 of this Complaint as though the same were set forth fully herein.

119. The imprisonment of plaintiff Mitchel Levatte by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York violated the provisions of New York Criminal Procedure Law §140.20.

120. The imprisonment of plaintiff Mitchel Levatte by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

121. As a result of the foregoing, plaintiff Mitchel Levatte was unnecessarily imprisoned for an extended period of time.

122.   Plaintiff Mitchel Levatte was aware of his imprisonment by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York.

123.   Plaintiff Mitchel Levatte did not consent to his imprisonment by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York.

124.   As a result of the foregoing, plaintiff Mitchel Levatte was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

## COUNT TWELVE ON BEHALF OF MITCHEL LEVATTE
## COMMON LAW MALICIOUS PROSECUTION

125.   Plaintiffs incorporate by reference paragraphs 1 through 124 of this Complaint as though the same were set forth fully herein.

126.   Defendants Scott Lienbeck and The City of New York maliciously prosecuted plaintiff Mitchel Levatte on false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana, and false criminal charges of Criminal Sale of Marijuana n the 4th Degree, Criminal Sale of Marijuana in the 5th Degree, Criminal Possession of Marijuana in the 5th Degree, and Unlawful Possession of Marijuana.

127.   As a result of the criminal proceedings instituted by defendants Scott Lienbeck and The City of New York, plaintiff Mitchel Levatte was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT THIRTEEN ON BEHALF OF JONATHAN FLOYD
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

128.   Plaintiffs incorporate by reference paragraphs 1 through 127 of this complaint as though the same were set forth fully herein.

129.   The seizure, detention, arrest, and imprisonment of plaintiff Jonathan Floyd by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were made without any

warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

130.  The seizure, detention, arrest, and imprisonment of plaintiff Jonathan Floyd were made without probable cause to believe that he had committed a crime or offense.

131.  The charges upon which defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" arrested plaintiff Jonathan Floyd were false.

132.  The charges were made by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" against plaintiff Jonathan Floyd with knowledge that they were false.

133.  Plaintiff Jonathan Floyd was aware of his seizure, detention, arrest and imprisonment by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe".

134.  Plaintiff Jonathan Floyd did not consent to his seizure, detention, arrest or imprisonment.

135.  As a result of the foregoing, plaintiff Jonathan Floyd was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

136.  The seizure, detention, arrest and imprisonment of plaintiff Jonathan Floyd deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

137.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Jonathan Floyd.

138.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" deprived plaintiff Jonathan Floyd of his rights to be free of unreasonable searches and seizures, and

not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jonathan Floyd on false criminal charges.

**COUNT FOURTEEN ON BEHALF OF JONATHAN FLOYD**
**BODY CAVITY SEARCH UNDER 42 U.S.C. §1983**

139.  Plaintiffs incorporate by reference paragraphs 1 through 138 of this complaint as though the same were set forth fully herein.

140.  Defendants Scott Lieneck, Kelvin Glover, and "John" Rodriguez lacked a factual basis to support a reasonable suspicion that plaintiff Jonathan Floyd had evidence concealed inside a body cavity.

141.  The body cavity search of plaintiff Jonathan Floyd conducted at the 44th Precinct deprived plaintiff Jonathan Floyd of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

142.  Plaintiff Jonathan Floyd suffered anxiety, embarrassment and humiliation as a result of the visual body cavity search conducted by defendants Scott Lieneck, Kelvin Glover, and "John" Rodriguez.

143.  Defendants Scott Lieneck, Kelvin Glover and "John" Rodriguez were acting under color of state law when they conducted a visual cavity search of plaintiff Jonathan Floyd at the 40th Precinct.

144.  Defendants  Scott Lieneck, Kelvin Glover and "John" Rodriguez deprived plaintiff Jonathan Floyd of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in

violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Jonathan Floyd at the 40th Precinct.

**COUNT FIFTEEN ON BEHALF OF JONATHAN FLOYD**
**FALSE IMPRISONMENT UNDER 42 U.S.C. §1983 - DELAY IN ARRAIGNMENT**

145.  Plaintiffs incorporate by reference paragraphs 1 through 144 of this complaint as though the same were set forth fully herein.

146.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" had a duty to bring plaintiff Jonathan Floyd before a neutral magistrate promptly for a judicial determination of probable cause.

147.  The failure of defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" to bring plaintiff Jonathan Floyd before a neutral magistrate promptly for a judicial determination of probable cause following his warrantless arrest deprived plaintiff Jonathan Floyd of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

148.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" were acting under color of state law when they failed to bring plaintiff Jonathan Floyd before a neutral magistrate promptly for a determination of probable cause following their warrantless arrest of the plaintiff.

149.  Defendants  Scott Lieneck, Kelvin Glover, "John" Rodriguez and "Jane Doe" deprived plaintiff Jonathan Floyd of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by imprisoning the plaintiff without promptly

bringing him before a neutral magistrate for a determination of probable cause.

150. Defendants Scott Lieneck, Kelvin Glover and "John" Rodriguez and "Jane Doe" deprived plaintiff Jonathan Floyd of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by imprisoning the plaintiff for three days before bringing him before a neutral magistrate for a determination of probable cause.

## COUNT SIXTEEN ON BEHALF OF JONATHAN FLOYD
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

151. Plaintiffs incorporate by reference paragraphs 1 through 150 of this Complaint as though the same were set forth fully herein.

152. The criminal charges brought by defendant Scott Lieneck against plaintiff Jonathan Floyd in Bronx Supreme Court, Criminal Division, were false.

153. Defendant Scott Lieneck instituted the criminal proceeding against plaintiff Jonathan Floyd without probable cause to believe that plaintiff Jonathan Floyd committed the crime and offense charged.

154. Defendant Scott Lieneck instituted the criminal proceeding against plaintiff Jonathan Floyd with knowledge that the charges were false.

155. Defendant Scott Lieneck was acting with malice when he commenced the criminal proceeding against plaintiff Jonathan Floyd.

156. The criminal proceeding instituted by defendant Scott Lieneck against plaintiff Jonathan Floyd was terminated in plaintiff Jonathan Floyd's favor.

157. Plaintiff Jonathan Floyd suffered anxiety, embarrassment and humiliation as a result of the visual body cavity search conducted by defendants Scott Lieneck, Kelvin Glover, and "John" Rodriguez.

158.   Defendant Scott Lieneck was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that a quantity of marijuana had been found on the back seat of the vehicle in which plaintiff Jonathan Floyd had been seated.

159.   Defendant Scott Lienbeck was acting under color of state law when he commenced a criminal proceeding against plaintiff Jonathan Floyd in Bronx Supreme Court, Criminal Division.

160.   Defendant Scott Lienbeck deprived plaintiff Jonathan Floyd of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jonathan Floyd on false criminal charges.

**COUNT SEVENTEEN ON BEHALF OF JONATHAN FLOYD**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

161.   Plaintiffs incorporate by reference paragraphs 1 through 160 of this Complaint as though the same were set forth fully herein.

162.   The arrest, imprisonment, and prosecution of plaintiff Jonathan Floyd on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

163.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

164.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

165.  Defendant The City of New York deprived plaintiff Jonathan Floyd of his rights to be free of unreasonable searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

**COUNT EIGHTEEN ON BEHALF OF JONATHAN FLOYD
MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

166.  Plaintiffs incorporate by reference paragraphs 1 through 165 of this Complaint as though the same were set forth fully herein.

167.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

168.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jonathan Floyd would be violated.

169.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jonathan Floyd.

170.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

171.  Defendant The City of New York deprived plaintiff Jonathan Floyd of his rights to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT NINETEEN ON BEHALF OF JONATHAN FLOYD
## COMMON LAW FALSE IMPRISONMENT

172.  Plaintiffs incorporate by reference paragraphs 1 through 171 of this Complaint as though the same were set forth fully herein.

173.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York falsely imprisoned plaintiff Jonathan Floyd by seizing, detaining, arresting and imprisoning him on false criminal charges.

174.  As a result of the foregoing, plaintiff Jonathan Floyd was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TWENTY ON BEHALF OF JONATHAN FLOYD
## COMMON LAW ASSAULT AND BATTERY

175.  Plaintiffs incorporate by reference paragraphs 1 through 174 of this Complaint as though the same were set forth fully herein.

176.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and the City of New York committed an assault and battery on the person of plaintiff Jonathan Floyd by seizing plaintiff Jonathan Floyd's arm and pulling him out of the vehicle.

177.  As a result of the foregoing, plaintiff Jonathan Floyd experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT TWENTY-ONE ON BEHALF OF JONATHAN FLOYD
COMMON LAW ASSAULT AND BATTERY**

178.  Plaintiffs incorporate by reference paragraphs 1 through 177 of this Complaint as though the same were set forth fully herein.

179.  Defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and the City of New York committed an assault and battery on the person of plaintiff Jonathan Floyd by pushing plaintiff Jonathan Floyd against the vehicle, handcuffing his wrists and searching through his pockets.

180.  As a result of the foregoing, plaintiff Jonathan Floyd experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT TWENTY-TWO ON BEHALF OF JONATHAN FLOYD
COMMON LAW FALSE IMPRISONMENT-DELAY IN ARRAIGNMENT**

181.  Plaintiff incorporates by reference paragraphs 1 through 180 of this Complaint as though the same were set forth fully herein.

182.  The imprisonment of plaintiff Jonathan Floyd by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York violated the provisions of New York Criminal Procedure Law §140.20.

183.  The imprisonment of plaintiff Jonathan Floyd by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York violated the plaintiff's right to

be brought before a local criminal court without unnecessary delay.

184.   As a result of the foregoing, plaintiff Jonathan Floyd was unnecessarily imprisoned for an extended period of time.

185.   Plaintiff Jonathan Floyd was aware of his imprisonment by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York.

186.   Plaintiff Jonathan Floyd did not consent to his imprisonment by defendants Scott Lieneck, Kelvin Glover, "John" Rodriguez, "Jane Doe" and The City of New York.

187.   As a result of the foregoing, plaintiff Jonathan Floyd was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

## COUNT TWENTY THREE ON BEHALF OF JONATHAN FLOYD
## COMMON LAW MALICIOUS PROSECUTION

188.   Plaintiffs incorporate by reference paragraphs 1 through 187 of this Complaint as though the same were set forth fully herein.

189.   Defendants Scott Lienbeck and The City of New York maliciously prosecuted plaintiff Jonathan Floyd on false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

190.   As a result of the criminal proceeding instituted by defendants Scott Lienbeck and The City of New York, plaintiff Jonathan Floyd was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A.  Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B.  Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs

of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
       November 9, 2012

                                        MICHELSTEIN & ASSOCIATES, PLLC

                                        By:_____
                                             /Steven Michelstein (SM3323)
                                             Attorneys for Plaintiff
                                             485 Madison Avenue
                                             New York, New York 10022
                                             (212) 588-0880